[Cite as *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Benjamin R. Pankey, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-701 |
| v. | : | (Ct. of Cl. No. 2013-00257) |
| [Ohio] Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 30, 2014

*Benjamin R. Pankey*, pro se.

*Michael DeWine*, Attorney General, and *Christopher P. Conomy*, for appellee.

APPEAL from the Court of Claims of Ohio.

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, Benjamin R. Pankey, from a judgment of the Court of Claims of Ohio granting the motion of defendant-appellee, Ohio Department of Rehabilitation and Correction, to dismiss appellant's complaint.

{¶ 2} In 1973, the trial court sentenced appellant following his conviction for rape. (Complaint, ¶ 12.) In October 2000, appellant was required to register as a sex offender pursuant to R.C. Chapter 2950. (Complaint, ¶ 10.) In 2006, appellant "returned to prison for Possession of 5 grams of Cocaine." (Complaint, ¶ 12.) On March 31, 2010, appellant was released from prison. (Complaint, ¶ 12.) In 2010, appellant filed a complaint in the

Court of Claims alleging that appellee had unlawfully forced him to register as a sexually oriented offender.  However, this court subsequently held, in *Pankey v. Ohio Adult Parole Auth.,* 10th Dist. No. 11AP-36, 2011-Ohio-4209, that the Court of Claims lacked jurisdiction over the claims alleged in the complaint.  (Complaint, ¶ 12.)

{¶ 3}  On May 2, 2013, appellant filed a complaint with the Court of Claims seeking monetary damages against the state based upon allegations that appellee and its agents had wrongfully compelled him to file as a registered sex offender.  According to the complaint, subsequent to this court's 2011 decision in *Pankey*, appellant filed a declaratory judgment action in the Mahoning County Court of Common Pleas.  (Complaint, ¶ 12.)  Further, appellant alleged that the Mahoning County Court of Common Pleas determined he was not subject to the current reporting and registration guidelines and ordered that he be restored to his previous reporting and registration status consistent with the law in effect at the time he committed the rape offense for which he was sentenced in April 1973.  Attached to appellant's complaint was a copy of a judgment entry of the Mahoning County Court of Common Pleas filed December 5, 2011.

{¶ 4}  On June 13, 2013, appellee filed a motion to dismiss for lack of jurisdiction under Civ.R. 12(B)(1) and for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).  In its memorandum in support, appellee argued that the Court of Claims lacked jurisdiction over appellant's claim that he was wrongfully classified as a sex offender.  Appellant did not file a response to the motion to dismiss.  By entry filed July 25, 2013, the trial court granted appellee's motion to dismiss for lack of jurisdiction.

{¶ 5}  On appeal, appellant, pro se, sets forth the following two assignments of error for this court's review:

> ASSIGNMENT OF ERROR NO. 1:
>
> The Court of Claims (CC) errs dismissing because they do not obey the plain verbage of the Ohio Supreme Court case relied on and quoted by the plaintiff, to wit [*State v.*] Champion, [106 Ohio St.3d 120,] 2005-Ohio-4098.

ASSIGNMENT OF ERROR NO. 2:

The CC erred ignoring the instructions of the Ohio Supreme
Court in Champion, @ 9.

(Sic passim.)

{¶ 6}   Appellant's assignments of error are interrelated and will be considered together.   Under these assignments of error, appellant asserts in general that the trial court erred in dismissing his complaint.   More specifically, appellant argues that the trial court ignored the Supreme Court of Ohio's decision in *State v. Champion,* 106 Ohio St.3d 120, 2005-Ohio-4098, in which the court held in the syllabus: "A person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under R.C. 2950.04(A)(1)(a) or periodically verify a current address under R.C. 2950.06(A), even if the person returns to prison on a parole violation for a term served concurrently with the sexually oriented offense."   We note that appellant, who did not file a response to appellee's motion to dismiss, never raised the purported applicability of *Champion* before the trial court.

{¶ 7}   In order to dismiss a complaint under Civ.R. 12(B)(1), a trial court "must determine whether a plaintiff has alleged any cause of action that the court has authority to decide."   *Rheinhold v. Reichek*, 8th Dist. No. 99973, 2014-Ohio-31, ¶ 7.   *See also Washington Mut. Bank v. Beatley,* 10th Dist. No. 06AP-1189, 2008-Ohio-1679, ¶ 8 ("The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.").   This court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo standard of review.   *Rheinhold* at ¶ 7.

{¶ 8}   Although his pro se complaint does not specify any particular cause of action, appellant alleged in the complaint that he has been "threatened with arrest and imprisonment for noncompliance with a law that clearly violates his constitutional right to a hearing * * * and Ohio's constitutional prohibition to ex post facto application of law."   The complaint further alleged that the acts of appellee denied him "the opportunity to live, work, or attend school absent the punitive baggage of [R.C. Chapter] 2950 from 2000 until the moment."

{¶ 9}   Appellant's allegations that he was denied a liberty interest or a property interest in employment implicate due process concerns; the Court of Claims, however, lacks jurisdiction to consider such claims.  *See Peters v. Ohio Dept. of Natural Res*ources, 10th Dist. No. 03AP-350, 2003-Ohio-5895, ¶ 13 ("the Ohio Court of Claims is without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or the United States Constitutions.  R.C. 2743.02 limits actions brought in the Court of Claims to those which could be brought between private parties").  *See also Hamilton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-916, 2007-Ohio-1173, ¶ 14 ("claims alleging violations of due process and/or equal protection are not actionable in the Court of Claims").  Further, to the extent appellant's complaint alleges he has received a judicial determination that he is not subject to the current reporting requirements of R.C. Chapter 2950 but, rather, has been restored to his previous registration status, such allegations do not state a cause of action for monetary damages against the state within the jurisdiction of the Court of Claims.  Accordingly, we find no error in the trial court's dismissal of appellant's complaint.

{¶ 10} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____