[Cite as *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1518.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Sonya R. Jackson, :

      Plaintiff-Appellant, : No. 19AP-621
(Ct. of Cl. No. 2018-000742JD)

v. :

      (REGULAR CALENDAR)

Ohio Department of :
Rehabilitation and Correction,

      :

      Defendant-Appellee.

      :

---

D E C I S I O N

Rendered on April 16, 2020

---

**On brief:** *Sonya R. Jackson*, pro se.

**On brief:** *Dave Yost,* Attorney General, and *Christopher P. Conomy,* for appellee.

---

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Sonya R. Jackson, pro se, appeals from an entry of the Court of Claims of Ohio granting the motion for judgment on the pleadings of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Jackson is an inmate in the custody and control of ODRC at the Ohio Reformatory for Women ("ORW"). On April 27, 2018, Jackson filed a complaint in the Court of Claims against ODRC seeking "compensatory damages for the loss of amenity in her prison living conditions, and of the limited liberty enjoyed by the prisoner, resulting from her transfer" from Northeast Reintegration Center ("NERC"). The institutional

transfer from NERC to ORW occurred on December 28, 2016. Jackson alleged in her complaint that since her transfer to ORW, she has been subject to "filthy and disgusting" living conditions, she has suffered emotional and mental injuries, and her father has no longer been able to visit her. Jackson further stated in her complaint that she did not seek compensatory damages but rather sought punitive damages for what she deems ODRC's malicious conduct for not transferring her back to NERC. Through her complaint, Jackson additionally sought an order to ODRC to transfer her back to NERC.

{¶ 3} On July 10, 2018, ODRC filed a motion to dismiss Jackson's complaint pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. In its motion to dismiss, ODRC argued that because Jackson's complaint asserts only constitutional claims relating to the conditions of her confinement, the Court of Claims lacks jurisdiction to consider them.

{¶ 4} In an August 30, 2018 entry of partial dismissal, the Court of Claims granted in part and denied in part ODRC's motion to dismiss. Specifically, the Court of Claims dismissed Jackson's constitutional claims and claims for punitive damages, agreeing that the Court of Claims lacks jurisdiction over constitutional claims. However, the Court of Claims found that by liberally construing Jackson's complaint, Jackson "could also be alleging that [ODRC] inappropriately transferred her from NERC to ORW." (Entry of Partial Dismissal at 2.) The Court of Claims found that to the extent Jackson's complaint could be read as challenging an executive function of ODRC, it was not a constitutional challenge and therefore within the subject-matter jurisdiction of the Court of Claims.

{¶ 5} Following the Court of Claims' entry of partial dismissal, ODRC filed an answer to the complaint on September 27, 2018. Additionally, ODRC filed a motion for reconsideration seeking a complete dismissal based on lack of subject-matter jurisdiction. The Court of Claims denied the motion for reconsideration.

{¶ 6} Subsequently, on July 8, 2019, ODRC filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). ODRC asserted that even if the Court of Claims had jurisdiction, dismissal was nonetheless appropriate because the doctrine of discretionary immunity would apply to shield ODRC from any liability arising from its decision to transfer Jackson from NERC to ORW.

{¶ 7}   In an August 19, 2019 entry, the Court of Claims granted ODRC's motion for judgment on the pleadings.  Specifically, the Court of Claims found that Jackson failed to state a claim for relief based on her institutional placement or her security status.  Additionally, the Court of Claims found that the decision to transfer Jackson to ORW involved a high degree of official discretion for which ODRC is entitled to discretionary immunity.  Thus, having already dismissed the portion of Jackson's complaint it construed as alleging constitutional claims, the Court of Claims dismissed the rest of Jackson's complaint.  Jackson timely appeals.

## II.  Assignments of Error

{¶ 8}   Jackson assigns the following errors for our review:

> [1.] Court erred when plaintiff's Fourteenth Amendment Due Process Clause was violated.

> [2.] Court erred to see the prison officials have discretion to transfer prisoners under policy and procedure.

> [3.] Court erred in dismissing complaint for failure to state a claim upon which relief could be granted plaintiff had relief that could be granted.

## III.  Analysis

{¶ 9}    In her three assignments of error, Jackson argues the Court of Claims erred in dismissing her claims by partially granting ODRC's July 10, 2018 Civ.R. 12(B)(1) motion to dismiss and granting ODRC's July 8, 2019 Civ.R. 12(C) motion for judgment on the pleadings.  ODRC responds that the Court of Claims correctly dismissed all of Jackson's claims, but it asserts the Court of Claims should have disposed of all of Jackson's claims in its initial decision on ODRC's motion to dismiss for lack of subject-matter jurisdiction.

{¶ 10}  Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation.  *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6.  Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits.  *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, citing *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.  In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable

in the forum. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14. An appellate court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo standard of review. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 11} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When presented with such a motion, a court must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party. *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8. Therefore, a Civ.R. 12(C) motion "tests the allegations of the complaint and presents a question of law." *Id.* at ¶ 9. We review a trial court's decision on a Civ.R. 12(C) judgment on the pleadings under a de novo standard. *RotoSolutions, Inc. v. Crane Plastics Siding, LLC*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, citing *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.).

{¶ 12} Jackson argues the Court of Claims erred in dismissing her complaint. As noted above, ODRC responds that dismissal was appropriate, but it asserts the Court of Claims should have dismissed the entirety of Jackson's complaint for lack of subject-matter jurisdiction because her complaint asserts only constitutional claims. As a court of limited jurisdiction, the Court of Claims has no subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights. *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 18, citing *Guillory* at ¶ 12 ("it is well-established that the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under" 42 U.S.C. 1983). Thus, we must examine Jackson's complaint to determine the nature of the claims she alleges.

{¶ 13} In the first sentence of her complaint, Jackson states she "seeks compensatory damages for the loss of amenity in her prison living conditions, and of the limited liberty enjoyed by the prisoner, resulting from her transfer from [NERC] to [ORW]." She later describes ODRC's decision to transfer her as "punishment." This court has previously held that "an inmate's claims regarding retaliatory conduct are properly classified as constitutional claims actionable under [42 U.S.C. 1983], and, thus, cannot be

brought in the Court of Claims." *Guillory* at ¶ 12, citing *Deavors v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1105, 1999 Ohio App. LEXIS 2338 (May 20, 1999). Similarly, this court has determined that an inmate's claims related to the conditions of his or her confinement are also properly classified as claims arising under 42 U.S.C. 1983, and, thus, not actionable in the Court of Claims. *Id.*, citing *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91 (1994).

{¶ 14} In partially granting ODRC's Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the Court of Claims construed the majority of Jackson's complaint as asserting constitutional claims, and we agree. To the extent Jackson's complaint asserted her transfer resulted in filthy living conditions, she is challenging the conditions of her confinement. As this court has previously held, complaints from inmates related to the conditions of their confinement are claims arising under 42 U.S.C. 1983, and the Court of Claims is without subject-matter jurisdiction to consider those claims. *Cotten* at ¶ 20; *Guillory* at ¶ 12, citing *Carter* at 91 ("inmate complaints regarding the conditions of confinement are treated as claims arising under" 42 U.S.C. 1983).

{¶ 15} Similarly, to the extent Jackson's complaint alleges her transfer, or ODRC's denial of her subsequent request to be transferred back to NERC, was a punishment, this court has previously held that "an inmate's claims regarding retaliatory conduct are properly classified as constitutional claims actionable under § 1983, and, thus, cannot be brought in the Court of Claims." *Guillory* at ¶ 12., citing *Deavors.* The Court of Claims also dismissed a portion of Jackson's complaint as alleging retaliatory conduct, and we agree.

{¶ 16} However, the Court of Claims declined to dismiss the entirety of Jackson's complaint under Civ.R. 12(B)(1), finding that if it construed the complaint liberally, Jackson's complaint could be alleging that ODRC "inappropriately transferred her from NERC to ORW." In making this finding, the Court of Claims did not indicate what cause of action Jackson was pleading in her complaint related to an inappropriate transfer that was not a constitutional claim.

{¶ 17} Though Jackson alleges in her complaint that ODRC violated its own policy when it transferred her to ORW, there is no cause of action for an allegation that ODRC violated its own internal rules or policies. *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10. Although a violation of an internal rule or policy of

ODRC may be used to support a claim of negligence, a review of Jackson's complaint reveals she makes no allegation of negligence. *Id.*, citing *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 10, citing *Horton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-198, 2005-Ohio-4785, ¶ 29.

{¶ 18} We are mindful that "[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court." *Guillory* at ¶ 11, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 19. Instead, in determining whether a court has subject-matter jurisdiction over a party's claims, the court must look to the body of the complaint and examine the underlying nature of the claims. *Guillory* at ¶ 11, citing *Henson* at ¶ 20.

{¶ 19} Having reviewed Jackson's complaint, we find she that while she points to ODRC's alleged violation of its own rule or policy, the only claims she states are constitutional ones. *See Peters* at ¶ 11 (noting "[n]o facts have been alleged in appellant's complaint that could support a claim based solely on the alleged violation of policy"). The mere fact that she references an alleged violation of ODRC's internal rules and policies does not convert her complaint into something other than one alleging constitutional claims. Jackson's complaint asserts claims that can be categorized as constitutional claims, retaliatory claims, or claims based upon unlawful conditions of confinement; the Court of Claims lacks subject-matter jurisdiction over all of these claims. *Guillory* at ¶ 12. Thus, we conclude the Court of Claims did not err in dismissing Jackson's complaint, albeit for different reasons than the Court of Claims.

{¶ 20} For these reasons, we overrule Jackson's three assignments of error.

## IV. Disposition

{¶ 21} Based on the foregoing reasons, the Court of Claims did not err in dismissing Jackson's complaint, though we reach our decision for different reasons than the Court of Claims. Having overruled Jackson's three assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.