[Cite as *Evans v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-3191.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

William H. Evans, Jr.,                               :

      Plaintiff-Appellant,                   :               No. 19AP-743
                                                                       (Ct. of Cl. No. 2019-00755JD)
v.                                                   :
                                                                   (REGULAR CALENDAR)
Ohio Department of Rehabilitation                   :
and Correction et al.,
                                                     :
      Defendants-Appellees.
                                                     :

                                                                                :

D E C I S I O N

Rendered on June 4, 2020

**On brief:** *William H. Evans, Jr.*, pro se.

**On brief:** *Dave Yost,* Attorney General, and *Timothy M. Miller,* for appellees.

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, William H. Evans, Jr., pro se, appeals from an entry of dismissal of the Court of Claims of Ohio granting the motion to dismiss of defendants-appellees, Ohio Department of Rehabilitation and Correction ("ODRC") and the Ohio Attorney General. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Evans is an inmate in the custody and control of ODRC at the Northeast Ohio Correctional Center. On June 27, 2019, Evans filed a complaint against ODRC and the attorney general. In his complaint, Evans alleged that ODRC had improperly classified him as a white supremacist in its security database, categorizing him as belonging to a security threat group. Evans accuses ODRC of violating R.C. 2913.42 by knowingly falsifying

records to classify him as a white supremacist.   Further, Evans alleges that between 2005 and 2019, ODRC wrongly issued cease and desist contact orders to him for attempting to contact his ex-wife and that ODRC used those cease and desist orders to place him in isolation.  He alleged ODRC's conduct in issuing the cease and desist orders amounted to menacing by stalking.  Evans alleged ODRC's issuance of the cease and desist orders could have a negative impact on his upcoming parole hearing.  Additionally, Evans stated in his complaint that he had filed two different civil cases against his ex-wife, and he alleged the attorney general had committed an unspecified violation of R.C. 2921.44 in connection with those civil  cases.  Evans sought declaratory judgment, injunctive relief, and monetary damages.

{¶ 3}   Appellees responded to Evans' complaint with an August 9, 2019 motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).  Specifically, appellees argued Evans had no right to a specific security classification, and to the extent his argument regarding his security classification was a challenge to the conditions of his confinement, such an argument is really a constitutional argument over which the Court of Claims has no jurisdiction.  Appellees further argued the Court of Claims lacked jurisdiction over criminal claims or Evans' attempted civil claims based on alleged criminal violations.  Regarding the cease and desist orders, appellees argued Evans' claims were time-barred by the applicable statute of limitations.  To the extent Evans argued the cease and desist orders could impact a future parole decision, appellees responded that the Court of Claims has no jurisdiction over claims attacking a parole board's decision.  Finally, as to Evans' claims against the attorney general, appellees responded the attorney general could not be held liable in the Court of Claims for the acts or omissions of county employees.

{¶ 4}   In an October 15, 2019 entry of dismissal, the Court of Claims granted appellees' motion to dismiss.  The Court of Claims found Evans failed to state a claim upon which relief can be granted in challenging his security classification.  Additionally, the Court of Claims determined it lacked jurisdiction over Evans' claims alleging criminal violations or any civil claims related to alleged criminal violations.  Finally, the Court of Claims stated it lacked jurisdiction to consider Evans' allegations of a criminal conduct against the attorney general.  Thus, the Court of Claims dismissed the entirety of Evans' complaint.  Evans timely appeals.

## II. Assignments of Error

{¶ 5} Evans assigns the following errors for our review:

[1.] Trial court erred in holding that plaintiff failed to state a claim upon which relief can be granted, where if [any] cause of action for relief is stated the case may not be dismissed.

[2.] Trial court erred in applying statutes of limitations to past CDO's because the pattern is [ongoing], and because the most recent CDO of May 03, 2019 is well within limits.

[3.] Trial court erred in holding that the violations against Evans is barred due to being discretionary acts.

[4.] Trial court errs in holding that the Court of Claims cannot hear civil actions for damages based upon criminal acts under O.R.C. § 2307.60 and in holding the attorney general is not liable respondeat superior.

## III. Discussion

{¶ 6} Because Evans' first, second, third, and fourth assignments of error are interrelated, we address them jointly. Evans asserts the Court of Claims erred in granting ODRC's motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). More specifically, Evans argues the Court of Claims erred in granting ODRC's motion to dismiss by (1) concluding Evans failed to state a claim related to his security classification, (2) concluding the statute of limitations operated to bar Evans' claims related to the cease and desist orders, (3) concluding it lacked jurisdiction over Evans' allegations of criminal violations or civil claims related to criminal violations, and (4) concluding discretionary immunity applied to bar Evans' claims against the attorney general.

{¶ 7} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6. Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, citing *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14. An appellate

court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo standard of review. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 8} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

### A. Security Classification

{¶ 9} Initially, Evans argues the trial court erred in failing to discern a valid claim for relief from the face of his complaint related to his security classification. In determining whether a court has subject-matter jurisdiction over a party's claims, the court must look to the body of the complaint and examine the underlying nature of the claims. *Guillory* at ¶ 11, citing *Henson* at ¶ 20. Having conducted a de novo review of the complaint, we agree with the trial court that it lacked subject-matter jurisdiction over the portions of Evans' complaint related to his security classification.

{¶ 10} As a court of limited jurisdiction, the Court of Claims has no subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights. *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 18, citing *Guillory* at ¶ 12 (it is "well established that the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under" 42 U.S.C. 1983). An inmate's claims related to the conditions of his or her confinement are properly classified as claims arising under 42 U.S.C. 1983, and,

thus, not actionable in the Court of Claims. *Guillory* at ¶ 12, citing *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91 (1994). Thus, to the extent Evans' complaint related to his security classification challenged the conditions of his confinement, the Court of Claims lacked jurisdiction to consider the claim. *See Semenchuk v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-19, 2010-Ohio-5551, ¶ 15 (construing a complaint challenging security classification, specifically the labeling of an inmate as belonging to a security threat group, as a challenge to the conditions of confinement).

{¶ 11} Further, to the extent Evans' complaint alleged ODRC violated its own policy when it categorized him as belonging to a security threat group, there is no cause of action for an allegation that ODRC violated its own internal rules or policies. *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10. Although a violation of an internal rule or policy of ODRC may be used to support a claim of negligence, a review of Evans' complaint reveals he makes no allegation of negligence. *Id.*, citing *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 10, citing *Horton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-198, 2005-Ohio-4785, ¶ 29.

### B. Cease and Desist Orders

{¶ 12} Evans next argues the trial court erred in dismissing his claims related to the cease and desist orders. Specifically, Evans asserts the trial court erred in concluding the statute of limitations would apply to bar his claim. In reviewing his complaint, we note that Evans alleged two main ways in which ODRC's issuance of the cease and desist orders harmed him: that ODRC used these orders to place him isolation, and that the cease and desist orders could have a negative impact on his upcoming parole hearing.

{¶ 13} As to the claim that ODRC wrongfully placed him isolation based on improperly issued cease and desist orders, we agree with the trial court that those claims are time-barred. The applicable statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides, in pertinent part, as follows: "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." Because Evans filed this action in 2019, any claim based on Evans' allegation that ODRC

improperly placed him in isolation on several occasions between 2005 and 2009 are barred by the two-year statute of limitations in R.C. 2743.16(A). *Lowery* at ¶ 10.

{¶ 14} Nonetheless, Evans argues the trial court erred in dismissing his complaint because he additionally alleged ODRC wrongfully issued a cease and desist order to him in May 2019. We agree with Evans that a claim related to the May 2019 cease and desist order would not be untimely under the statute of limitations. However, Evans makes no allegation that ODRC used the 2019 cease and desist order to place him in isolation. Instead, his only allegation related to the 2019 cease and desist order is Evans' speculation that its existence could potentially have an adverse impact on his upcoming parole hearing.

{¶ 15} It is unclear from his complaint whether Evans is alleging the parole hearing had already occurred by the time he filed his complaint or whether he alleged it had not yet happened. To the extent he alleges the parole hearing already occurred, this court has previously held, "the Court of Claims has no jurisdiction to hear a claim attacking a parole board's decision to grant or deny parole." *Troutman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-1240, 2005-Ohio-334, ¶ 8, citing *Deavors v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1105, 1999 Ohio App. LEXIS 2338 (May 20, 1999). Additionally, to the extent Evans alleges some other theory of liability predicated on the possibility of an adverse decision at his upcoming parole hearing, such a claim, if one even exists, would not yet be ripe for judicial review. *Massey v. Ohio Elections Comm.*, 10th Dist. No. 13AP-20, 2013-Ohio-3498, ¶ 15 (stating "[c]ourts lack authority to adjudicate a matter that is not ripe"), citing *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89 (1998) (noting a matter is not yet ripe when "the time for judicial relief [has] simply not yet arrived"). Accordingly, we find dismissal of Evans' claims related to the cease and desist orders was warranted.

### C. Criminal Violations

{¶ 16} Evans next argues the Court of Claims erred in concluding it lacked jurisdiction over his allegations of criminal conduct on the part of ODRC and the attorney general and over his allegations of civil claims resulting from the alleged criminal conduct. In his complaint, Evans alleged various theories of criminal conduct. However, as this court has recently reiterated, "[t]he Court of Claims does not have subject-matter jurisdiction over criminal matters against the state." *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist.

No. 18AP-713, 2019-Ohio-3788, ¶ 12, citing *Burse v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-452, 2019-Ohio-2882, ¶ 15. "Consequently, the Court of Claims does not have jurisdiction 'to determine whether or not a crime has occurred for the purpose of awarding civil penalties for criminal violations of state statute.' " *Id.*, quoting *Burse* at ¶ 16. Therefore, the Court of Claims did not err in dismissing Evans' claims asserting criminal conduct or civil penalties related to alleged criminal conduct as the Court of Claims lacks subject-matter jurisdiction over those claims. *Evans* at ¶ 12.

### D. Discretionary Immunity and Respondeat Superior

{¶ 17} Finally, Evans argues the Court of Claims erred in concluding that discretionary immunity precluded some of his claims and in failing to conclude that the attorney general was liable for the conduct of ODRC employees under the doctrine of respondeat superior.

{¶ 18} Under the doctrine of discretionary immunity, " 'the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion.' " *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 16, quoting *Reynolds v. State*, 14 Ohio St.3d 68, 70 (1984). Thus, ODRC generally is immune from tort liability arising from decisions regarding its procedures and policies. *Hughes* at ¶ 16.

{¶ 19} Evans asserts ODRC employees do not have discretion to commit criminal acts. However, as outlined above, the Court of Claims lacks jurisdiction over criminal matters and over claims for civil penalties resulting from criminal conduct. *Evans* at ¶ 12. Additionally, although Evans now argues on appeal that this court should construe his complaint as asserting claims of negligence against ODRC and its employees, we reiterate that a review of Evans' complaint reveals he made no allegations of negligence.

{¶ 20} Similarly, although Evans argues the Court of Claims erred when it failed to find the attorney general is liable for the conduct of ODRC employees through the doctrine of respondent superior, the underlying basis for his claims are allegations of  criminal conduct over which the Court of Claims lacks jurisdiction. Accordingly, the trial court did not err in dismissing Evans' complaint.

{¶ 21} In summation, the Court of Claims properly granted appellees' motion to dismiss Evans' complaint pursuant to Civ.R. 12(B)(1) and (6).  For these reasons, we overrule Evans' first, second, third, and fourth assignments of error.

**IV.  Disposition**

{¶ 22} Based on the foregoing reasons, the trial court did not err in granting appellees' motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).  Having overruled Evans' four assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and NELSON, JJ., concur.