[Cite as *McDougald v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-2004.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jerone McDougald, | : | |
| Plaintiff-Appellant, | : | No. 20AP-293 |
| | | (Ct. of Cl. No. 2019-1049JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

---

D E C I S I O N

Rendered on June 15, 2021

---

**On brief**: *Jerone McDougald*, pro se.

**On brief**: *Dave Yost*, Attorney General, and *Gregory Steven Young*, for appellee.

---

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} Plaintiff-appellant, Jerone McDougald, appeals from a judgment of the Court of Claims of Ohio granting the Civ.R. 12(B)(1) motion to dismiss of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons which follow, we affirm.

{¶ 2} Appellant is an inmate in the custody and control of ODRC at the Toledo Correctional Institution. On October 22, 2019, appellant filed a complaint against ODRC alleging a claim of negligence. Appellant asserted ODRC breached a duty to permit him to communicate with family and friends by either telephone or e-mail. Appellant filed a motion to amend his complaint on November 8, 2019. The Court of Claims denied the

motion due to appellant's failure to comply with Civ.R. 5, but stated that appellant would have until December 27, 2019 to file an amended complaint.

{¶ 3} On November 21, 2019, ODRC filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. ODRC asserted that appellant's complaint presented only constitutional claims which were not cognizable in the Court of Claims. Appellant responded to ODRC's motion to dismiss on December 5, 2019.

{¶ 4} Appellant attempted to file another motion to amend his complaint on December 23, 2019; however, the motion was mistakenly filed in a different case. On February 5, 2020, the Court of Claims issued an order stating appellant's motion to amend would be deemed filed in the case as of February 5, 2020.  On March 5, 2020, the court granted appellant's motion to amend the complaint stating that appellant would have until March 26, 2020 to file an amended complaint.

{¶ 5} On April 13, 2020, the court granted ODRC's motion to dismiss the complaint. The court noted that, although it granted appellant leave to file an amended complaint, appellant had not filed an amended complaint. The court concluded appellant's October 22, 2019 complaint asserted constitutional claims which the Court of Claims lacked subject-matter jurisdiction to address.

{¶ 6} Appellant appeals, assigning the following sole assignment of error for our review:

> The trial court failed to address plaintiff's amended complaint when it was deemed timely filed.

{¶ 7} "An appellate court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo standard of review." *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-743, 2020-Ohio-3191, ¶ 7, citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7. "[A] court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum." *Id.*, citing *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14.

{¶ 8} Appellant's sole assignment of error asserts the Court of Claims erred by failing to address his amended complaint. Appellant contends his February 5, 2020 motion

to amend was an amended complaint. The February 5, 2020 motion was titled "Motion to Amend Complaint" and stated that appellant "would like to amend to add a claim of breach of contract." (Feb. 5, 2020 Mot. to Amend Compl. at 1.) Appellant did not file a proposed amended complaint with the motion. The court granted appellant leave to file an amended complaint by March 26, 2020, but appellant did not file an amended complaint. As appellant's February 5, 2020 motion was a motion seeking leave to file an amended complaint, the court did not err by failing to address the motion as an amended complaint.

{¶ 9} Moreover, even if the court had construed the February 5, 2020 motion as appellant's amended complaint, the court would have lacked jurisdiction to address it. "As a court of limited jurisdiction, the Court of Claims has no subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights." *Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-621, 2020-Ohio-1518, ¶ 12, citing *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 18. In determining whether a court has subject-matter jurisdiction over a party's claims, "the court must look beyond the language used in the complaint and examine the underlying nature of the claims." *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 11, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 20.

{¶ 10} Appellant's February 5, 2020 motion asserted that ODRC breached "the Global Tel-Link Corporation User Contract and the J-pay user agreement contract" by denying appellant the ability to communicate with others by telephone or e-mail. (Feb. 5, 2020 Mot. to Amend Compl. at 1.) Appellant asserted that, while "ODRC policy 76 VIS-02" provided an inmate's phone or e-mail privileges could be revoked due to a rule violation or a security threat, appellant had neither committed a rule violation nor been classified as a security threat. (Feb. 5, 2020 Mot. to Amend Compl. at 1.)

{¶ 11} Thus, the underlying nature of appellant's breach of contract claim was a claim asserting that ODRC violated its own policy by denying appellant his constitutional right to communicate with family and friends. *See Pruitt v. Ford*, W.D.Tenn. No. 17-1134-JDT-cgc (Aug. 24, 2018) (stating that "[p]risoners have a First Amendment right to communicate with family and friends, and under certain circumstances the denial of access to a telephone or writing materials may violate that right"); *Washington v. Reno*, 35 F.3d

1093, 1100 (6th Cir.1994). Appellant's contention that ODRC prevented him from using prison phone and e-mail services also concerned the conditions of appellant's confinement. "[I]nmate complaints regarding the conditions of confinement are treated as claims arising under [42 U.S.C.] §1983." *Guillory* at ¶ 12, citing *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91 (1994). Accordingly, the Court of Claims lacked subject-matter jurisdiction over appellant's breach of contract claim.

{¶ 12} Furthermore, to the extent appellant's February 5, 2020 motion asserted that ODRC violated an internal policy by denying appellant access to phone or e-mail services, "there is no cause of action for an allegation that ODRC violated its own internal rules or policies." *Evans* at ¶ 11. *Accord Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-240, 2018-Ohio-3392, ¶ 10. *See Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 10 (stating that, although violations of prison regulations "may be used to support a claim of negligence," such violations "will not support a cause of action by themselves").

{¶ 13} Accordingly, any error by the Court of Claims in failing to address appellant's February 5, 2020 motion as appellant's amended complaint amounted to harmless error. *See* Civ.R. 61; *Brother v. Morrone-O'Keefe Dev. Co., LLC.*, 10th Dist. No. 05AP-161, 2006-Ohio-1160, ¶ 26, citing *Fada v. Information Sys. & Networks Corp.*, 98 Ohio App.3d 785, 792 (2d Dist.1994) (stating that "[w]hen avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party"). Appellant's sole assignment of error is overruled.

{¶ 14} Having overruled appellant's sole assignment of error, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____