[Cite as *Weil v. Ohio Med. Marijuana Control Comm.*, 2023-Ohio-944.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Adam Allen Weil,                                    :

     Plaintiff-Appellant,                      :

                                                         No. 22AP-469

v.                                                 :          (Ct. of Cl. No. 2022-00281JD)

The Ohio Medical Marijuana,                        :          (REGULAR CALENDAR)
Control Commission,
                                                   :
     Defendant-Appellee.
                                                   :

---

D E C I S I O N

Rendered on March 23, 2023

---

**On brief:** *Adam A. Weil*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Amy S. Brown*, and *Shaun P. Omen*, for appellee.

---

APPEAL from the Court of Claims of Ohio

BOGGS, J.

{¶ 1} Plaintiff-appellant, Adam Allen Weil, appeals a dismissal in the Court of Claims of Ohio of an action he filed against the "Ohio Marijuana Control Commission." For the following reasons, we affirm the Court of Claims' dismissal.

{¶ 2} On March 28, 2022, Weil filed a complaint in the court of claims against the "Ohio Marijuana Control Commission," alleging that taxing medical-marijuana sales violates state law. In response, defendant-appellee, the state of Ohio moved to dismiss Weil's complaint under Civ.R. 12(B)(1) and (6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. On June 27, 2022, the court of claims granted the state's motion on the ground that Weil failed to name a proper

defendant. The court of claims found that there is no "Ohio Marijuana Control Commission" and that, under R.C. 3796.02, Ohio's "medical marijuana control program" is established within the Department of Commerce and the State Board of Pharmacy. (June 27, 2022 Journal Entry of Dismissal at 2.) The court of claims reasoned that under R.C. 2743.13(A) and under L.C.C.R. 4(A) Weil failed to name a state agency as a defendant and did not seek to amend his complaint to name a proper defendant.

{¶ 3} In his appeal to this court, Weil asserts that, in granting the motion to dismiss, the court of claims erred by not reaching the merits of his claims, "not reviewing laws in business that are established by the" Revised Code, and "allowing the commission to operate beyond [its] scope of authority and collect a tax unlawfully." (Appellant's Brief at 5.) We jointly consider these assignments of error.

{¶ 4} This court reviews a trial court's decision on Civ.R. 12(B)(1) and 12(B)(6) motions under a de novo standard of review. *See Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7; *Wiltz v. Accountancy Bd. Of Ohio*, 10th Dist. No. 14AP-645, 2015-Ohio-2493, ¶ 5-6.

{¶ 5} Under R.C. 2743.02, the only defendant in original actions in the court of claims is the state. R.C. 2743.13(A) requires that a complaint filed against the state in the court of claims must "name as defendant each state department, board, office, commission, agency, institution, or other instrumentality whose actions are alleged as the basis of complaint." Here, Weil named the "Ohio Marijuana Control Commission" as the sole defendant. As the court of claims noted, however, the Ohio Marijuana Control Commission does not exist. Rather, the state's medical-marijuana program is jointly administered by the Department of Commerce and the State Board of Pharmacy. Therefore, Weil's complaint does not name as defendant any "state department, board, office, commission, agency,

institution, or other instrumentality." *Id.* Without a proper defendant as required by R.C. 2743.13(A), the court of claims does not have jurisdiction over the complaint. The court of claims properly gave Weil an opportunity to amend his complaint to name a proper defendant and, when he did not do so, also properly dismissed his complaint.

**{¶ 6}** Accordingly, we find that the court of claims did not err when it dismissed plaintiff's complaint for failure to name a proper defendant under R.C. 2743.13(A). Weil's assignments of error are overruled, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.