[Cite as *La Riccia v. Ohio Civ. Rights Comm.*, 2025-Ohio-754.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mary La Riccia et al., | : | |
| Plaintiffs-Appellants, | : | No. 24AP-501 |
| | | (Ct. of Cl. No. 2024-00129JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Civil Rights Commission, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 6, 2024

**On brief:** *Mary La Riccia*, and *Travis Horn*, pro se. **Argued:** *Mary La Riccia*.

**On brief:** *Dave Yost*, Attorney General, *Timothy M. Miller*, and *Duffy Jamieson*, for appellee. **Argued:** *Timothy M. Miller*.

APPEAL from the Court of Claims of Ohio

EDELSTEIN, J.

{¶ 1} Plaintiffs-appellants, Mary La Riccia and Travis Horn (collectively "appellants"), appeal from the Court of Claims of Ohio's entry granting the motion to dismiss of defendant-appellee, Ohio Civil Rights Commission ("commission"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In March 2021, Ms. La Riccia filed a charge of discrimination with the commission alleging the Cleveland Clinic discriminated against her because of her disability. The commission issued a no probable cause determination in October 2021,

finding the Cleveland Clinic was unlikely to have committed a discriminatory action. Ms. La Riccia then filed a petition for judicial review of the commission's determination in the Cuyahoga County Court of Common Pleas. In the proceedings before the Cuyahoga County Court of Common Pleas, Ms. La Riccia argued the commission did not submit a complete record of the proceedings, and she sought to submit the additional evidentiary materials she believed were omitted. The Cuyahoga County Court of Common Pleas ruled it could not consider any evidence outside the official record submitted by the commission.

{¶ 3} On September 20, 2022, the Cuyahoga County Court of Common Pleas denied Ms. La Riccia's petition. Ms. La Riccia appealed the denial of her petition for judicial review to the Eighth District Court of Appeals, again arguing the commission had failed to submit the entire record of proceedings for review. In a June 1, 2023 decision, the Eighth District affirmed the Cuyahoga County Court of Common Pleas' decision denying the petition for judicial review of the commission's determination.

{¶ 4} Subsequently, on February 8, 2024, Ms. La Riccia and Mr. Horn filed a complaint against the commission in the Court of Claims. Appellants alleged the commission (1) failed "to conduct a lawful investigation of Ms. La Riccia's charge" of discrimination, (2) deliberately misrepresented facts and evidence before the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals, (3) conspired with the Cleveland Clinic, the Ohio Attorney General's Office, the Cuyahoga County Court of Common Pleas, and the Eighth District Court of Appeals "for the purpose of exonerating themselves . . . of their unlawful and discriminatory practices," and (4) directly and proximately caused Mr. Horn to suffer the loss of consortium of his wife, Ms. La Riccia. (Compl. at ¶ 32, 42.) Appellants asserted claims of gross negligence, civil fraud, civil conspiracy, and loss of consortium. In their prayer for relief, appellants requested "[t]he reopening of Ms. La Riccia's charge before the commission, to be redetermined by an evidentiary hearing before an administrative law judge," compensatory damages, and punitive damages in the amount of $10 million. (Compl., Prayer for Relief at 13.) The commission responded to appellants' complaint on April 4, 2024 by filing a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

{¶ 5} After filing their complaint, appellants filed a February 15, 2024 motion for determination of immunity asking the Court of Claims to determine whether seven

individual members of the commission were immune from liability. Appellants did not name any of the seven individual members as defendants in their complaint.

{¶ 6} In a July 22, 2024 entry of dismissal, the Court of Claims granted the commission's motion to dismiss. The court found that although appellants raised theories of negligence, fraud, and civil conspiracy, the substance of appellants' allegations indicated appellants sought to challenge the commission's prior administrative determination, and the Court of Claims does not have jurisdiction to review that determination under the statutory process set forth in R.C. 4112.06. The court further found the gross negligence claim must be dismissed because R.C. 4112.04 and 4112.05 do not provide for a private cause of action, the fraud claim is barred by res judicata, and appellants failed to state a claim for civil conspiracy. Finding the loss of consortium claim derivative of the other claims already subject to dismissal, the court determined it must also dismiss the loss of consortium claim. The court also denied as moot appellants' motion for determination of immunity because it had already concluded appellants failed to state a cognizable claim for relief. Appellants timely appeal.

## II. Assignments of Error

{¶ 7} Appellants raise the following four assignments of error for our review:

> [I.] The Court of Claims erred by dismissing Appellants' charges under Civ.R. 12(B)(1).
>
> [II.] The Court of Claims erred by dismissing Appellants' charges under Civ.R. 12(B)(6).
>
> [III.] The Court of Claims erred by dismissing Appellants' Motion to Determine Immunity as moot.
>
> [IV.] The Court of Claims erred by failing to assume that Appellants' factual allegations were true and construe all inferences in their favor.

## III. Discussion

{¶ 8} Because appellant's four assignments of error are interrelated, we address them jointly. Appellants assert the Court of Claims erred in granting the commission's motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). More specifically, appellants argue the court erred in granting the motion to dismiss by (1) misconstruing the allegations in

their complaint, (2) finding res judicata and collateral estoppel bar their claims, (3) concluding appellants failed to state a claim for civil conspiracy, and (4) failing to rule on the merits of their motion for a determination of immunity.

{¶ 9} Civ.R. 12(B)(1) allows parties to move for dismissal based on a trial court's "[l]ack of jurisdiction over the subject matter" of a case. "Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits." *Evans v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-3191, ¶ 7 (10th Dist.), citing *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.). In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, a trial court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege "any cause of action cognizable by the forum." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989); *Evans* at ¶ 7, citing *Brown v. Levin*, 2012-Ohio-5768, ¶ 14 (10th Dist.). An appellate court reviewing a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction applies a de novo standard of review. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.); *Robinson v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-713, ¶ 5 (10th Dist.). "De novo review means that we apply the same standards as the trial court." *Neinast v. Ohio Expositions Comm.*, 2009-Ohio-4850, ¶ 5 (10th Dist.).

{¶ 10} In contrast, a motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 13 (10th Dist.), citing *Morrow v. Reminger & Reminger Co., L.P.A.*, 2009-Ohio-2665, ¶ 7 (10th Dist.). Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In determining whether dismissal is appropriate, the trial court "must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff." *Id.*, citing *Jones v. Greyhound Lines, Inc.*, 2012-Ohio-4409, ¶ 31 (10th Dist.). "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Id.*, citing *Morrow* at ¶ 7. We review a trial court's decision on a Civ.R. 12(B)(6) motion to dismiss de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2793, ¶ 9 (10th Dist.).

{¶ 11} The allegations in appellants' complaint concern the commission's investigation of Ms. La Riccia's discrimination claim and the subsequent administrative appeal process. Any person alleging that another person has engaged in unlawful discriminatory practice may file a charge with the commission. R.C. 4112.05(B)(1). "Upon receiving a charge other than a charge concerning unlawful discriminatory practices relating to employment, the commission may initiate a preliminary investigation to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in." R.C. 4112.05(B)(2). "If the commission determines after a preliminary investigation . . . that it is not probable that an unlawful discriminatory practice has been or is being engaged in, it shall notify [the complainant] that it has so determined and that it will not issue a complaint in the matter." R.C. 4112.05(B)(4). Final orders of the commission are subject to judicial review by the filing of a petition in common pleas court. R.C. 4112.06(A). *See also Wu v. Ohio Civ. Rights Comm.*, 2021-Ohio-1541, ¶ 42 (11th Dist.).

{¶ 12} As we have previously explained, " '[a]n action in the Court of Claims cannot become a substitute for a statutorily created right of appeal . . . in a different court.' " *Shampine v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-6057, ¶ 18 (10th Dist.), quoting *George v. Ohio Dept. of Human Servs.*, 2005-Ohio-2292, ¶ 35. Although appellants assert their gross negligence claim is one for damages, they ultimately seek review and reversal of the commission's administrative decision finding no probable cause of discrimination. Ms. La Riccia availed herself of the statutorily created right under R.C. 4112.06(A) to administratively appeal the commission's decision in the Cuyahoga County Court of Common Pleas. Though appellants disagree with the result of that process, the Court of Claims lacks subject-matter jurisdiction to review the administrative determination or the process by which it was reached. *Chenault v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-3554, ¶ 17 (10th Dist.) ("the Court of Claims lacks subject matter jurisdiction where the thrust of the complaint is review of a state agency's administrative determination"), citing *Bungard v. Ohio Dept. of Job & Family Servs.*, 2007-Ohio-6280, ¶ 5, 7 (10th Dist.).

{¶ 13} Appellants have repeatedly stated they were not seeking judicial review of the commission's administrative decision but instead were seeking monetary damages related to the commission's actions during its investigation and the court proceedings. They assert the Court of Claims failed to construe the factual allegations in the complaint in their favor

when it interpreted their claims to be substantively different than what they alleged. "We are mindful that '[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court.' " *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1518, ¶ 18 (10th Dist.), quoting *Guillory v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-2299, ¶ 11 (10th Dist.). Instead, a court must examine the underlying nature of the claims in the body of the complaint to determine whether the court has subject-matter jurisdiction over the claims. *Id.*, citing *Guillory* at ¶ 11.

{¶ 14} Despite appellants' framing of their claims as gross negligence, fraud, and civil conspiracy, it is clear from their complaint they are challenging the commission's findings and the process by which the findings were reached. In addition to monetary damages, appellants specifically seek relief in the form of the reopening and redetermination of Ms. La Riccia's charge before the commission. "Creative pleading cannot overcome the general rule that '[w]hen a statute confers the right to appeal, the statutory provisions solely govern perfecting such an appeal.' " *Shampine* at ¶ 19, quoting *Calo v. Ohio Real Estate Comm.*, 2011-Ohio-2413, ¶ 35 (10th Dist.) (although plaintiff asserted her claim was one for damages, the substance of her complaint revealed she sought review and reversal of the administrative decision to deny her unemployment benefits). The allegation that the commission improperly investigated and determined Ms. La Riccia's discrimination claim and subsequently withheld evidence from the reviewing courts is ultimately an attempt to bring the substance of the administrative appeal before the Court of Claims, and the court did not fail to construe the facts in appellants' favor when it examined the true nature of appellants' claims. Thus, the court did not err in determining it lacked subject-matter jurisdiction over the substance of appellants' gross negligence, fraud, and civil conspiracy claims. *Jabr v. Ohio Dept. of Job & Family Servs.*, 2016-Ohio-4775, ¶ 10 (10th Dist.) ("the Court of Claims' subject-matter jurisdiction does not encompass actions that include a prayer for money damages but, in actuality, seek review of an administrative order").

{¶ 15} Appellants also asserted a claim for loss of consortium. The Supreme Court of Ohio has recognized that loss of consortium is, "to an extent, derivative of—and dependent on—the principal claims." *McCarthy v. Lee*, 2023-Ohio-4696, ¶ 15. " 'Because the loss-of-consortium claim belongs not to the person suffering a physical injury but to

another, it is independent, and while the claim may be "separate" in the sense that it is a distinct and individual claim, it is a derivative action, arising from the same occurrence that produced the alleged injury to the other familial party.' " *Id.* at ¶ 16, quoting *Fehrenbach v. O'Malley*, 2007-Ohio-971, ¶ 11. As explained above, though appellants couch their primary claims in terms of gross negligence, fraud, and civil conspiracy, the substance of the complaint indicates they seek review of the commission's administrative decision and the process it used to reach that decision. Appellants, therefore, do not allege an underlying primary tort from which the loss of consortium claim could derive. *Id.*, quoting *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 92-93 (1992) (" 'a claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury' "). Having failed to allege a cognizable underlying tort, appellants failed to state a claim upon which relief can be granted for their loss of consortium claim. Thus, the commission is entitled to dismissal of the loss of consortium claim pursuant to Civ.R. 12(B)(6).

{¶ 16} Appellants advance several additional arguments related to the Court of Claims' dismissal of their primary claims pursuant to Civ.R. 12(B)(6), including whether R.C. 4112.99 creates a private cause of action, whether the court erred in concluding they failed to state a claim for civil conspiracy, and whether res judicata operates to bar any of their claims. Having determined dismissal of the gross negligence, fraud, and civil conspiracy claims pursuant to Civ.R. 12(B)(1) was warranted, we need not consider whether dismissal of these claims was also warranted under Civ.R. 12(B)(6). Therefore, appellants' additional arguments related to dismissal of their primary claims under Civ.R. 12(B)(6) are moot, and we decline to address them. *Darr v. Livingston*, 2017-Ohio-841, ¶ 13 (10th Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55 ("[a]n issue becomes moot when it presents only a hypothetical or academic question, and a judicial resolution of the issue would have no practical significance"); *State v. Gideon*, 2020-Ohio-5635, ¶ 26 ("an assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by an appellate court").

{¶ 17} Finally, appellants argue the Court of Claims erred in failing to rule on the merits of their motion for determination of immunity. Because the court determined it must dismiss appellants' complaint, the question of whether individual members of the

commission were entitled to immunity became moot. *Darr* at ¶ 13. Though appellants assert they are entitled to an answer on whether any individual members of the commission are immune from liability, a court need not render an advisory opinion on a moot question. *Bendure v. Xpert Auto, Inc.*, 2011-Ohio-6058, ¶ 14 (10th Dist.), quoting *Devine-Riley v. Clellan*, 2011-Ohio-4367, ¶ 3 (10th Dist.) (" '[a]ppellate courts are not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case' "). The Court of Claims did not err in declining to render an advisory opinion on a moot question, and we similarly decline to address the merits of appellants' motion for determination of immunity.

{¶ 18} In summation, the Court of Claims lacked subject-matter jurisdiction over the primary allegations in appellants' complaint, and appellants failed to state a claim for loss of consortium. Therefore, the Court of Claims did not err in granting the commission's motion to dismiss. Accordingly, we overrule appellants' first, second, third, and fourth assignments of error.

## IV. Disposition

{¶ 19} Based on the foregoing reasons, the Court of Claims did not err in granting the commission's motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). Having overruled appellants' four assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

JAMISON, P.J., and MENTEL, J., concur.

_____