[Cite as *Cotten v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2619.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prince Charles Cotten, Sr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-935 |
| v. | : | (Ct.Cl. No. 2013-00060) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 17, 2014

*Prince Charles Cotten, Sr.*, pro se.

*Michael DeWine*, Attorney General, *Christopher L. Bagi*, for appellee.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Prince Charles Cotten, Sr. ("appellant"), appeals from a judgment of the Court of Claims of Ohio dismissing his complaint asserting claims against defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons that follow, we affirm.

{¶ 2} Appellant, a prisoner in the custody of ODRC, filed this action, naming ODRC as a defendant. He alleged that ODRC employees had engaged in a conspiracy to prevent him from mailing items and receiving mailed items sent to him in prison, both through institutional mail and the United States mail. He claimed that prison officials had refused to process his mail by, for example, covering the names and addresses shown on mail items, destroying mail items, and returning mail items to him as lacking sufficient postage or as being otherwise noncompliant with federal mailing requirements. Appellant

further alleged that prison officials had retaliated against him after he complained about the alleged interference with his mail and had failed to conduct an investigation concerning his complaints. Appellant sought an award of damages, declaratory judgment, and equitable relief, based on what he described as state law claims "incorporated with a 42 U.S.C.A. § 1983 [claim]." (Complaint, 5-6.)  He alleged that he had been damaged due to "violation of [his] State, Statutory, and his Federal Constitutional Rights, Tampering with the United States Mail, Interfering with Civil Rights, Dereliction of Duty, Delaying and Destroying [his] United States mail to the governor, federal agency and United States Marshal." (Complaint, 6.)  He also claimed that prison officials had engaged in theft in office by removing postage stamps from his outgoing mail.

{¶ 3}   The ODRC filed its motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(1) and (6).  Civ.R. 12(B)(1) authorizes dismissal of a complaint for lack of subject-matter jurisdiction when the plaintiff fails to allege "any cause of action cognizable by the forum."  *Guillory v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 97AP-861, 2008-Ohio-2299, ¶ 6, citing *Milhoan v. E. Loc. School Dist. Bd. of Edn.,* 157 Ohio App.3d 716, 2004-Ohio-3243 (4th Dist.), ¶ 10.  Civ.R. 12(B)(6) authorizes dismissal of a complaint when the plaintiff fails to state a claim, i.e., where it "appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief."  *Id.* at ¶ 7, citing *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).  "Dismissal for failure to state a claim is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief." *Clemons v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 13AP-691, 2014-Ohio-1259, ¶ 6.  We conduct a de novo review of both Civ.R. 12(B)(1) and (6) dismissals. *Guillory* at ¶ 6-7.

{¶ 4}   The Court of Claims dismissed the complaint using the following reasoning: (1) the Court of Claims lacks subject-matter jurisdiction over claims arising under 42 U.S.C. 1983 ("§ 1983"); (2) appellant's claims regarding the processing of his mail are claims relating to an inmate's conditions of confinement; and (3) claims alleging violations of conditions of confinement by inmates have been treated as claims arising under § 1983. The court further found that allegations that prison officials may have violated U.S. postal

regulations do not state claims over which the Court of Claims has jurisdiction, citing *Guillory* at ¶ 14 (Court of Claims does not have subject-matter jurisdiction to adjudicate alleged criminal offenses.).

{¶ 5} Appellant's three assignments of error state as follows:

[1.] THE JUDGE WAS BIAS AND THE PLAINTIFF WAS PREJUDICE. WHEN THE JUDGE FAIL TO DETERMINE INITIALLY WHETHER THE STATE OFFICIALS WERE ENTITLED TO PERSONAL IMMUNITY. WHEN THE STATE FAIL TO RESPOND TO PLAINTIFF'S PRE-TRIAL SETTLEMENT REQUEST.

[2.] THE JUDGE WAS IN ERROR AND THE PLAINTIFF WAS PREJUDICE. WHEN THE JUDGE FAIL TO DETER-MINE INITIALLY WHETHER THE COURT OF COMMON PLEAS' HAD JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

[3.] THE JUDGE WAS DISCRIMINATING AND THE PLAINTIFF WAS PREJUDICE. WHEN THE JUDGE ACKNOWLEDGE AND/OR CONCEDED THAT PLAIN-TIFF'S CLAIMS LIES IN THE FEDERAL COURT, BUT, FAIL TO MENTION! PLAINTIFF'S STATE LAW CLAIMS IN THIS COURT IN THE INSTANT CASE IN CHIEF.

(Sic passim.)

{¶ 6} In view of appellant's arguments in support of these assignments of error, as presented in his brief, we construe these assignments of error as asserting that the trial court erred: (1) in failing to determine whether the state or its employees were entitled to immunity; (2) in failing to determine whether the court of common pleas had jurisdiction over his "state law claims"; and (3) in failing to address his "state law claims."

{¶ 7} We turn to appellant's second and third assignments of error, as they are substantively related and relevant to our analysis of appellant's first assignment of error. Appellant has not challenged the trial court's conclusion that the Court of Claims lacks jurisdiction to adjudicate his claims to the extent they assert violations of § 1983. In his second and third assignments of error, however, appellant argues the Court of Claims erred in failing to recognize that his complaint stated state law claims, as well as a federal § 1983 claim. We disagree.

{¶ 8} The trial court observed that "it is difficult to determine the basis for the cause(s) of action plaintiff is trying to assert." (Oct. 4, 2013 Entry.) We agree with this observation and, having reviewed the record before the Court of Claims, conclude that appellant did not expressly identify any state law theory of recovery in his filings in the Court of Claims. Rather, he simply asserted generally that he had state law claims. In his reply brief in this court, however, appellant suggests that his complaint stated state law claims of intentional infliction of emotional distress and invasion of privacy. In this de novo review, we therefore consider the question of whether appellant stated a state law claim of tortious intentional infliction of emotional distress or tortious invasion of privacy.

{¶ 9} The elements of the common law tort of intentional infliction of emotional distress have previously been summarized by this court, as follows:

> To prevail on [a] claim for [intentional infliction of emotional distress], a plaintiff must prove the following four elements: (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it." *Gudin v. Western Reserve Psychiatric Hosp.* (June 14, 2001), Franklin App. No. 00AP–912, citing *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34, 463 N.E.2d 98.
>
> The Supreme Court of Ohio has relied upon the definition of extreme and outrageous conduct found in the Restatement:
>
> "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found *only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.* Generally, the case is one in which the recitation of the facts to an average member of the

community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' "

(Emphasis sic.) *Roe ex rel. Roe v. Heap*, 10th Dist. No. 03AP-586, 2004-Ohio-2504, ¶ 120-21, quoting *Yeager v. Loc. Union 20,* 6 Ohio St.3d 369, 374-75 (1983).

{¶ 10} We have reviewed de novo appellant's allegations concerning the actions of prison officials, presumed all of those allegations to be true, and made all reasonable inferences in favor of appellant. Of the actions alleged, however, appellant does not allege that they were so extreme and outrageous as to go "beyond all possible bonds of decency" and were atrocious and utterly intolerable in a civilized community. Moreover, the complaint fails to allege that appellant has suffered serious psychic injury or mental anguish of a nature that "no reasonable man could be expected to endure it." We therefore conclude that appellant has failed to state a state law claim of intentional infliction of emotional distress as the facts he alleges, even if true, do not satisfy essential elements of that tort.

{¶ 11} We turn to the question of whether appellant stated a claim of invasion of privacy. In *Roe*, this court reiterated the elements of the tort of invasion of privacy, stating:

> In *Housh v. Peth* (1956), 165 Ohio St. 35, 133 N.E.2d 340, the Supreme Court of Ohio first recognized the tort of invasion of privacy, and described the principle of the right of privacy in Ohio as follows:
>
> "1. The right of privacy is the right of a person to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which the public is not necessarily concerned.
>
> "2. An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

*Roe* at ¶ 50-51, quoting *Housh v. Peth*, 165 Ohio St. 35 (1956), syllabus.

{¶ 12} Moreover, in 2007, the Supreme Court of Ohio recognized a fourth theory of invasion of privacy, the "false light" theory. *Dautartas v. Abbott Labs.*, 10th Dist. No. 11AP-706, 2012-Ohio-1709, ¶ 63, citing *Welling v. Weinfeld,* 113 Ohio St.3d 464, 2007-Ohio-2471, syllabus.

{¶ 13} Of these four categories of the tort of invasion of the right of privacy, the facts alleged by appellant could potentially support only the third category; i.e., that prison officials intruded into appellant's private correspondence in such a manner as would cause outrage, mental suffering, shame or humiliation to a person of ordinary sensibilities. This category of invasion of privacy is sometimes called an "intrusion" tort as it involves intrusion or prying into an individual's private affairs. None of the other three categories of the tort apply in this case as appellant has not alleged that his personality was appropriated or exploited by the prison officials identified in his complaint, nor alleged that his private correspondence has been published to the "public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge," nor alleged that he has been cast in a false light. *Killea v. Sears, Roebuck & Co.,* 27 Ohio App.3d 163, 166 (10th Dist.1985).

{¶ 14} The intrusion category of invasion of privacy requires a finding of a "wrongful intrusion into one's private activities in a manner that outrages or causes mental suffering, shame, or humiliation to a person of ordinary sensibilities." *Peitsmeyer v. Jackson Twp. Bd. of Trustees,* 10th Dist. No. 02AP-1174, 2003-Ohio-4302, ¶ 26. Appellant does not allege that mental suffering, if any, he allegedly suffered would outrage a person of ordinary sensibilities. Accordingly, we conclude that appellant has failed to state a state law tort claim of invasion of privacy. *Compare Mushkat v. Pickawillany Condominium Unit Owners' Assn.*, 10th Dist. No. 80AP-765 (Apr. 14, 1981) (holding appropriate a dismissal of an invasion of privacy claim for failure to state a claim where a reasonable person of ordinary sensibilities could not find the alleged circumstances to be highly offensive and objectionable).

{¶ 15} We therefore hold that appellant has failed to state a state law claim of either intentional infliction of emotional distress or invasion of privacy. To the extent that appellant characterizes his complaint as asserting such claims, it is appropriate that they be dismissed pursuant to Civ.R. 12(B)(6).

{¶ 16} We next examine whether the trial court erred in granting ODRC 's Civ.R. 12(B)(1) motion for dismissal of appellant's complaint based on lack of subject-matter jurisdiction.

{¶ 17} In *Guillory*, an analogous case involving a complaint filed by an inmate, we recognized that "[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court."  *Id.* at ¶ 11.  Rather, "in order to resolve the issue of whether a court has subject-matter jurisdiction over a party's claims, the court must look beyond the language used in the complaint and examine the underlying nature of the claims." *Id.*

{¶ 18} We observed in *Guillory* that it is "well established that the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under Section 1983, Title 42, U.S. Code." *Id.* at ¶ 12. *Accord Deavors v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 98AP-1105 (10th Dist.1999).  In reviewing the inmate's complaint in *Guillory*, we found that his claims were either: (1) constitutional claims, i.e., cruel and unusual punishment and due process claims; (2) claims asserting retaliation; or (3) claims based upon unlawful conditions of confinement.   We concluded that:

> [A]n inmate's claims regarding retaliatory conduct are properly classified as constitutional claims actionable under § 1983, and thus, cannot be brought in the Court of Claims. Likewise, insofar as the above allegations may be viewed as relating to appellant's conditions of confinement, inmate complaints regarding the conditions of confinement are treated as claims arising under § 1983.

*Id.* at ¶ 13.

{¶ 19} We further observed in *Guillory* that "the Court of Claims has no jurisdiction over alleged criminal violations by ODRC's employees." *Id.* at ¶ 14. *See also Troutman v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 03AP-1240, 2005-Ohio-334, ¶ 10 ("[T]he Court of Claims has no jurisdiction over alleged criminal violations by the ODRC or its employees."). Rejecting Guillory's argument that he had stated a state law tort claim sounding in negligence, we concluded that he had failed to state any other state law claim, and we affirmed the Court of Claims' dismissal of Guillory's complaint for lack of subject-matter jurisdiction.

{¶ 20}   Similarly, in the case now before us, appellant has asserted claims of alleged violations of rights guaranteed him by the United States Constitution[1]; retaliatory conduct; and claims based on the conditions of confinement, i.e., implementation of prison regulations concerning inmate mail.  These claims are, in essence, § 1983 claims, and the Court of Claims lacks subject-matter jurisdiction to adjudicate them.

{¶ 21} Moreover, appellant's constitutional claims and claims relative to the conditions of his confinement, including his claim of retaliation, are not cognizable in the Court of Claims.  Nor are claims asserting that prison officials violated criminal statutes relative to use of the mails within the jurisdiction of the Court of Claims. *Id.* The court correctly found that it lacked subject-matter jurisdiction of those claims, and it was appropriate for the trial court to dismiss them pursuant to Civ.R. 12(B)(1).

{¶ 22}   We therefore overrule appellant's second and third assignments of error.

{¶ 23}   In his first assignment of error, appellant argues that the Court of Claims erred in failing to determine whether the actions of the state officials he identifies were malicious, wanton or reckless making them ineligible for the immunity provided by R.C. 9.86 to state employees acting within the scope of their employment.  Appellant argues that the court should have determined that the state officials he described were not entitled to immunity. However, "pursuant to the language of R.C. 9.86, the Court of Claims has the authority to decide immunity questions only in causes of action arising under state law." *Gumpl v. Bost*, 81 Ohio App.3d 370, 343 (12th Dist.1992). Based on our conclusion that the complaint states only § 1983 claims as discussed above relative to appellant's second and third assignments of error, we overrule appellant's first assignment of error.

{¶ 24}   Having overruled all three of appellant's assignments of error, we affirm the judgment of the Court of Claims.

*Judgment affirmed.*

KLATT and O'GRADY, JJ., concur.

———————————————

---

[1] In his brief, appellant suggests that he was deprived of his "Fundamental and Substantive Liberty Interes[t] in Uncensored Legal Mail,"  (Appellant's  Brief at 5, citing, *e.g.*, *Turner v. Safley*, 482 U.S. 78, 84 (1987).)