[Cite as *Moore v. Dept. of Rehab. & Corr.*, 2019-Ohio-767.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Maurice Moore, :

          Plaintiff-Appellant, :           No. 18AP-599
                                              (Ct. of Cl. No. 2018-00462JD)

v. :

                                               (ACCELERATED CALENDAR)

Ohio Department of Rehabilitation :
and Correction,

           :

          Defendant-Appellee. :

           :

D E C I S I O N

Rendered on March 5, 2019

**On brief**: *Maurice Moore*, pro se.

**On brief**: [*Dave Yost*], Attorney General, and *Christopher P. Conomy*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} Maurice Moore, plaintiff-appellant, appeals from a judgment of the Court of Claims of Ohio in which the court granted the motion to dismiss filed by the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.

{¶ 2} Appellant is an inmate at Richland Correctional Institution ("RCI"). On March 16, 2018, appellant filed a complaint alleging employees of RCI failed to deliver to him legal mail relating to a probate matter in the required expedited manner but, instead, processed the legal mail as if it were regular mail. Appellant claimed that, as a result of RCI's improper handling of his legal mail, he failed to meet a filing deadline in the Eighth District Court of Appeals.

{¶ 3} On April 3, 2018, ODRC filed a motion to dismiss. On July 5, 2018, the Court of Claims dismissed appellant's complaint. The court found it lacked jurisdiction over appellant's claims. The court found the claims were either in the nature of a claim for improper handling of mail or a denial of access to the courts, both of which are treated as claims arising under 43 U.S.C. 1983 ("Section 1983"), and the Court of Claims has no jurisdiction over claims arising under Section 1983. Therefore, the court granted ODRC's motion to dismiss. Appellant appeals the judgment of the Court of Claims, asserting the following assignments of error quoted verbatim:

> [I.] THE TRIAL COURT ERRED BY ORDERING APPELLANT DISMISSAL TO PURSUANT TO Civ. R. 12(B)(1) FOR LACK OF SUBJECTMATTER JURISDICTION WITHOUT MAKING ALL THE REQUIRED FINDINGS.
>
> [II.] THE TRIAL COURT ERRED BY ORDERING APPELLANTS DISMISSAL BY A PRISONER CONSTITUITIONAL INTEREST IN HANDING MAIL BASE ON THE CONDITION OF CONFINEMENT INCLUDING A CHALLEAGE TO PRISON REGULATION REGARDING INMAQTES MAIL.

(Sic passim.)

{¶ 4} We address appellant's assignments of error together. Appellant argues in his assignments of error that the Court of Claims erred when it dismissed his action pursuant to Civ.R. 12(B). In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-Ohio-5768; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. However, in making a determination regarding subject-matter jurisdiction, "[t]he trial court is not confined to the allegations of the complaint," and "it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Robinson* at ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling

on a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

{¶ 5} "[T]he jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. DeWine v. Court of Claims*, 130 Ohio St.3d 244, 2011-Ohio-5283, ¶ 21. Pursuant to R.C. 2743.03(A)(1), the Court of Claims has "original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims." R.C. 2743.02(E) provides "[t]he only defendant in original actions in the court of claims is the state."

{¶ 6} The state is liable in the Court of Claims "in accordance with the same rules of law applicable to suits between private parties." R.C. 2743.02(A)(1). Because "a private party cannot be held liable for * * * constitutional claims," such claims are not within the jurisdiction of the Court of Claims. *Gangale v. State*, 10th Dist. No. 01AP-1406, 2002-Ohio-2936, ¶ 9.

{¶ 7} In the present case, appellant first argues ODRC's improper handling of his mail was the result of mere negligence and did not rise to the level of a constitutional violation based on an improper state procedure. We disagree. In determining whether a court has subject-matter jurisdiction over a party's claims, the court must look to the body of the complaint and examine the underlying nature of the claims. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 11, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 20. We agree with the trial court here that appellant's complaint challenges the handling of his inmate mail and alleges that ODRC violated its own internal rules and policies. His allegations that ODRC improperly handled his mail is construed as a challenge to the conditions of his confinement arising under Section 1983. *See Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 20 (appellant's claim regarding the processing of his mail is a claim relating to an inmate's condition of confinement arising under Section 1983). The Court of Claims has no subject-matter jurisdiction over alleged violations of claims arising under Section 1983 or alleged violations of constitutional rights. *Id.* at ¶ 18, citing *Guillory* at ¶ 12. Thus, the trial court

properly dismissed those portions of the complaint that raised constitutional claims and claims arising under Section 1983 based on lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).

{¶ 8} Furthermore, even if appellant's claims could be construed as sounding in negligence instead of constituting constitutional violations, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correction officials in prison administration rather than confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997), citing *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). A breach of internal regulations in itself does not constitute negligence. *Horton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-198, 2005-Ohio-4785, ¶ 29, citing *Williams v. Ohio Dept. of Rehab. & Corr.*, 67 Ohio Misc.2d 1, 3 (1993). "Prison inmates, therefore, have no right to recover against ODRC when it violates administrative code provisions." *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-128, 2015-Ohio-3985, ¶ 10, citing *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10. Here, appellant's claims rely only on alleged violations of administrative rules and ODRC policy. Thus, appellant cannot state a claim on which relief can be granted because ODRC's alleged violations of the administrative code and internal regulations do not give rise to a cause of action. Therefore, even if the trial court would have construed appellant's claims as sounding in negligence, they would have been subject to dismissal for failure to state a claim on which relief can be granted.

{¶ 9} Finally, insofar as appellant argues the Court of Claims did not make the necessary findings in granting ODRC's motion to dismiss, appellant does not specify what findings the court was required to make or any authority placing such duty on the court. For these reasons, we find the Court of Claims did not err when it granted ODRC's motion to dismiss pursuant to Civ.R. 12(B)(1). Therefore, we overrule appellant's first and second assignments of error.

{¶ 10} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

_____