[Cite as *Taper v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-3259.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOSHUA TAPER | Case No. 2022-00534AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Joshua Taper ("plaintiff"), an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff related on July 16, 2020, at defendant's Lebanon Correctional Institution ("LECI"), he was hit in the head with pepper mace balls by one of defendant's corrections officers ("CO"). Plaintiff related that on July 25, 2020, LECI, he was chased and pushed into a desk by a CO. Plaintiff related that on November 11, 2020, at LECI, he was in shower shoes and handcuffs when a CO charged him and hit his head on a metal pipe. Plaintiff seeks damages in the amount of $10,000.00. Plaintiff submitted the $25.00 filing fee.

{¶2} Defendant submitted an investigation report denying liability in this matter. Defendant asserted that to the extent that plaintiff was attempting to bring a Section 1983 civil rights action or a violation of the 8th amendment of the US Constitution, this court does not have jurisdiction. Defendant denied that force was used on plaintiff on July 16, 2020. Defendant stated that there was a use of pepper balls on other inmates that day, but that plaintiff was not in an area where they exploded or were deployed. Defendant attached a Nursing Medical Exam Report for plaintiff dated July 16, 2020, to its investigation report which includes a subjective evaluation stating "I am fine. I don't want to be seen". It further stated that plaintiff had no injuries.

{¶3} Defendant admitted that force was used on plaintiff on July 25, 2020, but denied that the force was excessive or unreasonable. Defendant attached a form for a

July 25, 2020, incident, titled, "Ohio Department of Rehabilitation and Correction Deputy Warden of Operations Review of Use of Force" to its Investigation Report which states:

> "CO Place gave Inmate Taper, A715-070, several direct orders to remove his bowl from the microwave and go to his cell; he did not comply, CO Place gave the inmate several direct orders to turn around cuff up; he did not comply and attempted to walk past CO Place. CO Place guided the inmate to the desk. CO DiFrancisco assisted with handcuffing the inmate. No other force was used. All involved were examined by medical."

{¶4} Defendant also attached plaintiff's medical evaluation, completed following the use of force on July 25, 2020, to its investigation report. The evaluation states that plaintiff denied any injuries and appeared well.

{¶5} Defendant admitted that force was used on plaintiff on November 11, 2020, but denied that the force was excessive or unreasonable. Defendant attached a form for a November 11, 2020, incident, titled, "Ohio Department of Rehabilitation and Correction Deputy Warden of Operations Review of Use of Force" to its investigation report which states:

> "Inmate Taper, A715-070, was in the infirmary for a medical evaluation. The inmate refused to cooperate with medical staff. The inmate attempted to leave the exam room. CO Hartman put his hand up to stop the inmate and Sgt. Burns took control of the inmate's left arm. Sgt. Burns and CO Hartman attempted to escort the inmate out of the exam room; the inmate pulled away and yelled, 'fuck you white boy.' Sgt. Burns and CO Hartman guided the inmate to the wall; the inmate attempted to push off the wall and continued to resist. Sgt. Burns and CO Hartman placed the inmate on the floor; he complied. No other force was used. All involved were examined by medical."

{¶6} Defendant also attached a "Nursing Medical Exam Report" for plaintiff from November 11, 2020, which stated that plaintiff was uncooperative with medical staff but was well appearing.

{¶7} Plaintiff submitted a response to defendant's investigation report in which plaintiff reasserted his claim and contended that the medical examinations reports attached to the investigation report contained false statements.

{¶8}   On February 1, 2023, former Deputy Clerk Daniel R. Borchert rendered a memorandum decision finding in favor of defendant.

{¶9}   On February 24, 2023, plaintiff filed a motion for court review because the former deputy clerk did not order ODRC to file video evidence of the incidents of which were the basis of plaintiff's complaint.

{¶10}  On March 23, 2023, Judge Patrick E. Sheeran issued an entry vacating the former deputy clerk's decision and remaining the case.  In this decision, Judge Sheeran stated that in administrative decisions, a deputy clerk shall review the best evidence. Based on this assertion, the judge construed the motion for court review as a motion for discovery which he granted.  This case was then remanded to the administrative docket.

{¶11}  On April 21, 2023, in accordance with Judge Sheeran's March 23, 2023 entry, the former deputy clerk ordered ODRC to supply the court with video of the incidents on July 16, July 25, and November 11, 2020.

{¶12}  On May 31, 2023, ODRC filed a disc with relevant security videos.  Upon review of the videos, the court finds that they are consistent with the documents ODRC filed with its investigation report.

{¶13}  "To prove assault under Ohio Law, plaintiff must show that the defendant willfully threatened or attempted to harm or touch the plaintiff offensively in a manner that reasonably placed the plaintiff in fear of the contact."  *Miller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-12, 2012-Ohio-3382. ¶ 11.

{¶14}  It has also been held that "[a]llegations of use of unnecessary or excessive force against an inmate may state claims for battery and/or negligence."  *Brown v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-804, 2014-Ohio-1810, ¶ 13.  "To prove battery, the plaintiff must prove that the intentional contact by the defendant was harmful or offensive.  * * * Ohio courts have held that, in a civil action for assault and battery, the defendant has the burden of proving a defense of justification, such as the exercise of lawful authority."  *Miller* at ¶ 11.

{¶15}  "To recover on a negligence claim, a plaintiff must prove by a preponderance of the evidence (1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury."  *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05-AP-357, 2006-

Ohio-2531, ¶ 10. "Under Ohio law, the ODRC owes inmates a duty of reasonable care and protection from unreasonable risks." *Id* at ¶ 11.

**{¶16}** "The use of force is sometimes necessary to control inmates." *Jodrey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. Franklin 12AP-477, 2013-Ohio-289, ¶ 17. "Correctional officers considering the use of force must evaluate the need to use force based on the circumstances as known and perceived at the time it is considered." *Brown* at ¶ 15, citing Ohio Adm.Code 5120-9-01(C)(2). "[T]he precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Ensman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-592, 2006-Ohio-6788, ¶ 23. "In Ohio Adm.Code 5120-9-01, the Ohio Administrative Code sets forth the circumstances under which correctional officers are authorized to use force against an inmate." *Ensman* at ¶ 6.

**{¶17}** Ohio Adm.Code 5120-9-01 provides, in pertinent part:

"(C) Guidelines regarding the use of force. Force shall be used in accordance with the following guidelines.

- * *

(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

> (a) Self-defense from physical attack or threat of physical harm;
>
> (b) Defense of another from physical attack or threat of physical attack;
>
> (c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;
>
> (d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;
>
> (e) Prevention of an escape or apprehension of an escapee; or
>
> (f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

**{¶18}** In addition, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*,

79 Ohio St.3d 477, 479, 683 N.E.2d 1139 (1997) citing *Sandlin v. Conner*, 515 U.S. 472, 481-482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Additionally, "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court.  A breach of internal regulations in itself does not constitute negligence. *Horton v. Ohio Dep't of Rehab, & Corr.*, 10th Dist. No. 05AP-198, 2005-Ohio-4785, ¶ 29, citing *Williams v. Ohio Dept. of Rehab. and Corr.*, 67 Ohio Misc.2d 1, 3, 643 N.E.2d 1182 (1993)." *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 18AP-599, 2019-Ohio-767.  Accordingly, to the extent that plaintiff alleges that ODRC somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶19}  "Pursuant to Ohio Adm.Code 5120-9-01(C)(1)(a), correctional officers 'may use force only to the extent deemed necessary to control the situation.'  Additionally, correctional officers 'should attempt to use only the amount of force reasonably necessary under the circumstances to control the situation and shall attempt to minimize physical injury.'  Ohio Adm. Code 5120-9-01(C)(1)(b)." *Brown* at ¶ 16.  Also pertinent is Ohio Adm. Code 5120-9-01-(B)(3), which defines "excessive force" as "an application of force which, either by the type of force employed, or the extent to which such force is employed, exceeds that force which reasonably appears to be necessary under all the circumstances surrounding the incident."

{¶20}  The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions.  * * * Obviously 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer."  (Internal citations omitted.) *Mason v. Ohio Dept. of Rehab. & Corr.*, 62 Ohio Misc.2d 96, 101-102, 593 N.E.2d 482 (Ct. of Cl. 1990), quoting *Thomas v. Ohio Dept. of Rehab. & Corr.,* 48 Ohio App.3d 86, 89, 548 N.E.2d 991 (10th Dist. 1988).  *See Ensman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-592, 2006-Ohio-6788.

{¶21}  The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.  The court is free to believe, or disbelieve, all or any part of each witness' testimony.  *State v. Antill*, 176 Ohio St. 61, 197 N.E.2d 548

(1964).  The court finds plaintiff's statements regarding the incidents on July 16, July 25, and November 11, 2020, not particularly persuasive.

{¶22}  A review of the case file reveals an appropriate use of force investigation was properly conducted in accordance with Ohio Adm.Code 5120-9-01 and 5120-9-02 on July 16, 2020, July 25, 2020, and November 11, 2020.

{¶23}  It is well-settled that the court of claims does not have jurisdiction to hear constitutional claims brought against the state.  *Bleicher v. Univ. of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 604 N.E.2d 783 (10th Dist. 1992).  It is also a well-established principle of law that the state of Ohio is not a "person" within the meaning of Section 1983, Title 42, U.S. Code; therefore, such actions cannot be brought against the state.  *White v. Chillicothe Corr. Inst.*, 10th Dist. Franklin No. 92AP-1230, 1992 WL 394920 (Dec. 29, 1992).  Therefore, to the extent that plaintiff's claim can be construed as a constitutional claim or a claim under Section 1983, this court is without jurisdiction.

{¶24}  Therefore, judgment is rendered in favor of defendant.

| | |
|---|---|
| JOSHUA TAPER | Case No. 2022-00534AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶25}  Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
Holly True Shaver
Deputy Clerk

Filed 6/27/23
Sent to S.C. Reporter 914/23