[Cite as *Prather v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2328.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LONNIE PRATHER<br><br>Plaintiff<br><br>v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>Defendant | Case No. 2023-00401JD<br><br>Judge Lisa L. Sadler<br>Magistrate Robert Van Schoyck<br><br><u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |

{¶1} Plaintiff, an inmate in the custody and control of Defendant at Grafton Correctional Institution (GCI), brought this action alleging that Defendant's failure to timely facilitate his notarized signature on a document and process his mail in a timely manner caused him to suffer an economic loss through the failure of a prospective real estate transaction.

{¶2} On October 16, 2023, Plaintiff filed a Motion for Summary Judgment pursuant to Civ.R. 56. Defendant filed a combined Response and Cross-Motion for Summary Judgment on November 7, 2023. Plaintiff filed a Response on December 5, 2023. Both motions are now before the Court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4. For the reasons stated below, Defendant's motion is granted.

**Standard of Review**

{¶3} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C). Civ.R. 56(C) states, in part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary

judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

*See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶4} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Starner v. Onda*, 10th Dist. Franklin No. 22AP-599, 2023-Ohio-1955, ¶ 20, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations." *Id.* "Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

{¶5} If the moving party meets its burden, the nonmoving party bears a reciprocal burden. "Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial." *Hinton v. Ohio Dept. of Youth Servs.*, 2022-Ohio-4783, 204 N.E.3d 1174, ¶ 17 (10th Dist.), citing *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 430, 674 N.E.2d 1164 (1997); Civ.R. 56(E). The Court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-240, 2004-Ohio-4040, ¶ 8.

**Facts**

{¶6} Neither party submitted evidence of the kind provided for in Civ.R. 56 in connection with the Motions for Summary Judgment. Specifically, there were no "depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, [or] written stipulations of fact" submitted in conjunction with the Motions for

Summary Judgment.  Ohio Civ.R. 56(C).  However, the Complaint was referenced by Defendant in its Motion for Summary Judgment, and "[a] plaintiff's complaint is acceptable summary judgment evidence, regardless of whether it was 'verified' or not, as a pleading is listed as a type of acceptable evidence in Civ.R. 56(C)." *Miller v. Blume*, 7th Dist. Noble No. 13 NO 398, 2013-Ohio-5290, ¶ 27.  As such, this Court will review the Complaint as evidence when ruling on the Motions for Summary Judgment.

{¶7} The following factual allegations are taken from the Complaint.  Plaintiff and his three siblings inherited a parcel of property from their mother in 2017.  (Complaint, ¶ 4.)  In July 2022, they hired Green Point Management, L.L.C. (Green Point) to facilitate the sale of the property.  (*Id.* at ¶ 5.)  "The process used by Green Point is to find a buyer for a property, then purchase the property themselves with the buyer waiting in the wings for an instant sale[.]"  (*Id.*)  In August 2022, Green Point found a buyer and agreed to purchase the property for $48,000, of which Plaintiff was to receive a one-quarter share.  (*Id.* at ¶ 6.)

{¶8} In early September 2022 Green Point mailed a document, addressed to the warden of GCI, that required Plaintiff's notarized signature to complete the sale.  (*Id.* at ¶ 7.)  James Wesson, a GCI employee who "intercepted" the document, was made aware of the time-sensitive nature of the matter, but he did not permit Plaintiff to sign the document before a notary until November 9, 2022, and he did not mail the document back to Green Point until December 5, 2022.  (*Id.* at ¶ 8-10, 12, 15.)  During the time it took for the document to be signed and returned to Green Point, the initial buyer backed out of the deal, and, due to changing market conditions, Green Point was ultimately only able to obtain $35,000 for the sale of the property to another buyer.  (*Id.* at ¶ 16, 17.)  Plaintiff asserts that Wesson's acts or omissions constitute negligence and caused him to suffer a monetary loss due to the lower sale price of the property.  (*Id.* at ¶ 20, 21.)

**Law and Analysis**

**Plaintiff's Motion for Summary Judgment**

{¶9} Plaintiff, in his Motion for Summary Judgment, argues that Defendant has admitted liability in this matter.  Specifically, Plaintiff argues that after he filed an internal grievance concerning the matter, the Inspector of Institutional Services at GCI found that

the grievance had merit, as the Inspector found there was evidence that an internal prison policy regarding the timely handling of mail had been violated. (Complaint, Exhibit E.) But regulations like the one Plaintiff relies on "are primarily designed to guide correctional officers in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479, 683 N.E.2d 1139 (1997). As such, the alleged policy violation on which plaintiff relies does not, independently, provide a basis for a cause of action. *See Peters v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-1048, 2015-Ohio-2668, ¶ 10.

{¶10} Plaintiff also argues that Defendant failed to file an Answer in this case, and that, "[t]herefore, no material facts have ever been placed at issue, much less remain at issue in this case." (Motion, p. 5.) Defendant did file an answer, however, on October 11, 2023, before Plaintiff filed his Motion for Summary Judgment on October 16, 2023.

{¶11} Accordingly, Plaintiff's motion is denied.

**Defendant's Motion for Summary Judgment**

{¶12} Defendant, in its Motion for Summary Judgment, argues that the Complaint represents a constitutional challenge over which this Court lacks subject-matter jurisdiction. While Plaintiff argues that Defendant waived this argument by not raising it in Defendant's earlier Motion to Dismiss, "[s]ubject-matter jurisdiction cannot be waived and may be raised at any time." *Hulbert v. Buehrer*, 10th Dist. Franklin No. 16AP-474, 2017-Ohio-844, ¶ 11.

{¶13} Inmate complaints regarding the conditions of confinement are treated as claims arising under Section 1983, Title 42, United States Code. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91-92, 637 N.E.2d 306 (1994). To the extent the complaint can be construed as raising a challenge to the conditions of confinement, such a claim is not actionable in the Court of Claims. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin Nos. 07AP-861 & 07AP-928, 2008-Ohio-2299, ¶ 12; *Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-621, 2020-Ohio-1518, ¶ 14.

{¶14} The fact that Plaintiff has alleged negligence is insufficient to bring Plaintiff's claim within this Court's jurisdiction. *See Hanna v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-374, 2009-Ohio-5094, ¶ 8 ("The mere fact that claims in a

complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court.")  "Instead, in order to resolve the issue of whether a court has subject-matter jurisdiction over a party's claims, the court must look beyond the language used in the complaint and examine the underlying nature of the claims."  *Id.*

**{¶15}** Here, the nature of Plaintiff's claim amounts to challenging the failure to forward the mailed documents to him, delayed access to notary services to sign the documents, and the failure to timely mail the documents out of the institution, in violation of ODRC policy.  As such, Plaintiff's claim amounts to a challenge to the conditions of his confinement.  *See Burse v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 17AP-452, 2019-Ohio-2882, ¶ 10 ("Burse's claim regarding the mishandling of his mail is a challenge to the conditions of confinement."); *see also Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin Nos. 07AP-861 & 07AP-928, 2008-Ohio-2299, ¶ 13 (allegation that employee "failed to forward his legal materials" was a constitutional claim); *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 18AP-599, 2019-Ohio-767, ¶ 8 ("allegations that ODRC improperly handled his mail is construed as a challenge to the conditions of his confinement arising under Section 1983").

**{¶16}** Plaintiff explains that his claim should be viewed as one for negligence, as "[t]he negligence in the conduct of Wesson was determined after investigation by the ODRC official", i.e. the institutional inspector, who found evidence that an internal policy on the handling of mail had been violated.  (Response, p. 6.)  But as previously stated, such policies "are primarily designed to guide correction officials in prison administration rather than confer rights on inmates."  *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d at 479.  Therefore, "[a] breach of internal regulations in itself does not constitute negligence."  *Moore* at ¶ 8.

**{¶17}** Furthermore, "to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom."  *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981).  While it is true that "[i]n the context of a custodial relationship between the state and its inmates, the state owes a common-law duty of reasonable care and protection from unreasonable risks of physical harm", Plaintiff identifies no authority demonstrating that Defendant owed him a duty sounding in negligence to avoid an economic loss in

connection with his real estate transaction.  *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-177, 2004-Ohio-5545, ¶ 16; *see also Clemens v. Nelson Fin. Group, Inc.*, 10th Dist. Franklin No. 14AP-537, 2015-Ohio-1232, ¶ 34 ("Absent tangible physical harm to persons or tangible things, there is generally no duty to exercise reasonable care to avoid economic losses to others").

{¶18} Accordingly, because Plaintiff's claim ultimately amounts to a challenge regarding his conditions of confinement, this Court lacks jurisdiction, and Plaintiff's claim must be dismissed.

## Conclusion

{¶19} Based upon the foregoing, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED such that Plaintiff's claim is DISMISSED without prejudice.  All previously scheduled events are VACATED.  Court costs are assessed against Plaintiff.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed May 3, 2024**
**Sent to S.C. Reporter 6/17/24**