[Cite as *Prather v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-5698.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lonnie Prather, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-361 |
| v. | : | (Ct. of Cl. No. 2023-00401JD) |
| [Ohio Department of Rehabilitation and Correction], | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 5, 2024

**On brief:** *Lonnie Prather*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Daniel J. Benoit*, and *Michelle C. Brizes*, for appellee.

APPEAL from the Court of Claims of Ohio

LELAND, J.

{¶ 1} Plaintiff-appellant, Lonnie Prather, appeals from an entry of the Court of Claims of Ohio, granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").

**I. Facts and Procedural History**

{¶ 2} On June 2, 2023, appellant, an inmate at Grafton Correctional Institution ("GCI"), filed a pro se complaint against ODRC, alleging negligence by ODRC and its employee, James Wesson. According to the complaint, appellant and his three siblings each had an ownership interest in property they inherited from their mother in 2017. In July 2022, the "siblings decided to sell the property * * * and agreed to use Green Point Management, L.C.C. * * * to facilitate the sale of the property." (Compl. at ¶ 5.) The process

used by Green Point Management, L.C.C. (hereafter "Green Point") "is to find a buyer for a property, then purchase the property themselves with the buyer waiting in the wings for an instant sale." (Compl. at ¶ 5.)

{¶ 3} In August 2022, "Green Point located a buyer for the property, and agreed to purchase the property from the siblings" for a purchase price of $48,000, of which appellant was to receive a one-quarter share "equaling $12,000.00." (Compl. at ¶ 6.) During the first week of September 2022, Green Point "forwarded a document which required [appellant's] notarized signature in order to facilitate the sale of the property." (Compl. at ¶ 7.)

{¶ 4} The document was "intercepted" upon arrival "by GCI employee James Wesson." (Compl. at ¶ 8.) Green Point "contacted GCI employee James Wesson directly by telephone in the first week of September 2022 and advised him that having [appellant] execute the document before a notary and returning it was extremely time sensitive." (Compl. at ¶ 9.) The complaint alleged "[i]t was not until November 9, 2022, approximately eight (8) weeks after the interception of the document by * * * Wesson that Wesson finally called [appellant] to his office and handed the document to [appellant] to take to the institutional library" to have it signed before "the only available Notary Public." (Compl. at ¶ 12.) Further, "[i]t was not until approximately December 5, 2022 that Wesson finally returned the document to Green Point." (Compl. at ¶ 15.)

{¶ 5} According to the complaint, as a result of the "unnecessary delay" in processing the documents, and "due to changes in interest rates and the economy * * * which occurred during the delay," Green Point was only able to obtain the sum of $35,000 for the property. (Compl. at ¶ 17.) Appellant asserted the acts and conduct of ODRC and its employee resulted in damages of $13,000.

{¶ 6} It was alleged that, once appellant "discovered that he * * * lost $13,000.00 due to the actions of James Wesson, * * * he filed an electronic 'Informal Complaint Resolution' * * * which was closed by GCI Warden * * * on 1/3/2023, at which time [appellant] then escalated the matter via electronic 'grievance' to the GCI Inspector of Institutional services." (Compl. at ¶ 22.) Finally, the complaint alleged, "after conducting a full investigation * * * in accordance with Ohio Administrative Code §5120-9-30 and -31, the GCI [Inspector] granted [appellant's] grievance." (Compl. at ¶ 22.)

{¶ 7} On October 16, 2023, appellant filed a motion for summary judgment. On November 7, 2023, ODRC filed a response to appellant's motion, as well as a cross-motion for summary judgment.

{¶ 8} By decision and entry filed May 3, 2024, the Court of Claims granted ODRC's motion for summary judgment, holding that appellant's claim "ultimately amounts to a challenge regarding his conditions of confinement," and therefore "this Court lacks jurisdiction" over the matter. (Entry Granting Def.'s Mot. for Summ. Jgmt. at 6.) The Court of Claims dismissed appellant's claim "without prejudice." (Entry Granting Def.'s Mot. for Summ. Jgmt. at 7.)

## II. Assignments of Error

{¶ 9} Appellant appeals and assigns the following two assignments of error for our review:

> [I.] THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS' DISCRETION BY RECASTING THE ADMISSION OF NEGLIGENCE AND OF LIABILITY ON THE PART OF THE DEFENDANT INTO A "POLICY VIOLATION" THAT "DOES NOT, INDEPENDENTLY PROVIDE A BASIS FOR A CAUSE OF ACTION."
>
> [II.] THE TRIAL COURT ERRED AND ABUSED ITS' DISCRETION BY GRANTING SUMMARY JUDGMENT TO THE DEFENDANT, AND BY DENYING SUMMARY JUDGMENT TO THE PLAINTIFF-APPELLLANT IN VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS OF LAW.

## III. Analysis

{¶ 10} Appellant's assignments of error are interrelated and will be considered together. Under these assignments of error, appellant asserts the Court of Claims erred in "recasting the admission of negligence" by ODRC into a policy violation, and by granting summary judgment in favor of ODRC. (Appellant's Brief at 3.)

{¶ 11} Pursuant to Civ.R. 56(C), summary judgment shall be granted if the filings in the action, including pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This court's review of a trial court's decision granting summary judgment "is de novo." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 12} In ruling on the competing motions for summary judgment, the Court of Claims noted that "[n]either party submitted evidence of the kind provided for in Civ.R. 56," i.e., "there were no 'depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, [or] written stipulations of fact' submitted in conjunction with the Motions for Summary Judgment." (Entry Granting Def.'s Mot. for Summ. Jgmt. at 3, quoting Civ.R. 56(C).) The court further noted, however, appellant's complaint was referenced by ODRC in its motion for summary judgment, and that " '[a] plaintiff's complaint is acceptable summary judgment evidence, regardless of whether it was "verified" or not, as a pleading is listed as a type of acceptable evidence in Civ.R. 56(C).' " (Entry Granting Def.'s Mot. for Summ. Jgmt. at 3, quoting *Miller v. Blume*, 7th Dist. No. 13 NO 398, 2013-Ohio-5290, ¶ 27.)

{¶ 13} Appellant primarily challenges the Court of Claims' determination that his claim involves a challenge to the conditions of his confinement, as opposed to a claim for negligence. According to appellant, his action "does not present facts surrounding a 'practice or policy' * * * but rather presents a claim based upon a single incident committed by a single ODRC employee." (Appellant's Brief at 9.) Appellant further contends that nowhere in his complaint did he "invoke or claim that any prison regulation was violated by [ODRC employee] Wesson." (Appellant's Brief at 4.)

{¶ 14} In response, ODRC argues appellant assumes ODRC made an admission of negligence but that, as found by the Court of Claims, any violations of prison rules or policies do not equate to an admission of liability. ODRC argues that, despite appellant's assertion of negligence, the Court of Claims properly found the allegations of his complaint presented a challenge to the conditions of confinement. ODRC further maintains that, apart from alleging violation of prison rules or policy based on the prison's internal grievance process, appellant offered no additional evidence demonstrating an actionable claim of negligence.

{¶ 15} Under Ohio law, "the Court of Claims lacks subject-matter jurisdiction to consider claims arising from alleged violations of the U.S. Constitution." *Burse v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-452, 2019-Ohio-2882, ¶ 14, citing *Guillory v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 12. In this respect, "inmate complaints regarding conditions of confinement are treated as claims

arising under [42, 1983, U.S.C.]," and "[t]his court has consistently held that the Court of Claims does not have jurisdiction over § 1983 actions." *Id.*

**{¶ 16}** In the present case, the Court of Claims found "the nature of [appellant's] claim amounts to challenging the failure to forward the mailed documents to him, delayed access to notary services to sign the documents, and the failure to timely mail the documents out of the institution, in violation of ODRC policy." (Entry Granting Def.'s Mot. for Summ. Jgmt. at 5.) The court concluded, therefore, appellant's claim "amounts to a challenge to the conditions of his confinement." (Entry Granting Def.'s Mot. for Summ. Jgmt. at 5.) Upon review, we agree.

**{¶ 17}** In general, "in determining whether an action sets forth a claim upon which relief can be granted, a trial court should look to the body of the complaint," and "[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court." *Guillory* at ¶ 11, citing *Pallat & Son Ins. Agency v. Smith*, 8th Dist. No. 36190 (July 28, 1977). As relevant to the instant action, this court has previously held that an inmate's allegation of negligence as a result of improper mail handling by ODRC is properly "construed as a challenge to the conditions of his confinement arising under Section 1983." *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-599, 2019-Ohio-767, ¶ 7. *See also Cotton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 2, 20 (claim by inmate that prison officials "refused to process his mail" implicated "conditions of confinement, i.e., implementation of prison regulations concerning inmate mail," and such claim is, "in essence," a Section 1983 claim).

**{¶ 18}** Appellant's contention that his complaint did not allege a violation of prison policy/regulations is belied by the record on summary judgment. Specifically, appellant's complaint alleged that GCI employee Wesson delayed returning the document at issue "well beyond the three-day maximum time period for delivery of legal mail in direct violation of ODRC Policy 75 MAL 03(VI)(A)(1)." (Compl. at ¶ 15.) On this point, an exhibit attached to appellant's complaint indicates the inspector of institutional services granted the grievance based on evidence "the documents were withheld beyond the 72-hour period allotted for incoming mail pursuant to 75-MAL-01." (Ex. E at 2.) That exhibit further reflects the investigation was based on consideration of "[t]he inmate grievance procedure, [Ohio

Adm.Code] 5120-9-17, Incoming mail, Ohio DRC policies 75-MAL-01, [and] Incarcerated Population Mail, 75-MAL-03." (Ex. E at 2.)

{¶ 19} In addressing appellant's contention that his claim should be viewed as one for mere negligence, the Court of Claims noted that appellant, in his response to ODRC's motion for summary judgment, argued " '[t]he negligence in the conduct of Wesson was determined after investigation by the ODRC official,' i.e. the institutional inspector, who found evidence that an internal policy on the handling of mail had been violated." (Entry Granting Def.'s Mot. for Summ. Jgmt. at 6.) The Court of Claims noted, however, that "regulations like the one [appellant] relies on 'are primarily designed to guide correctional officers in prison administration rather than to confer rights on inmates.' " (Decision at 4, quoting *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997).) Thus, the court concluded, "the alleged policy violation on which [appellant] relies does not, independently, provide a basis for a cause of action." (Entry Granting Def.'s Mot. for Summ. Jgmt. at 4, citing *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10.)

{¶ 20} We find no error with that determination. *See, e.g.*, *Moore* at ¶ 8, quoting *Larkins* at 479 ("even if appellant's claim[]" regarding improper handling of mail "could be construed as sounding in negligence instead of constituting constitutional violations, prison regulations, including those contained in the Ohio Administrative Code, 'are primarily designed to guide correctional officials in prison administration rather than confer rights on inmates' "). *See also Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-128, 2015-Ohio-3985, ¶ 10 ("ODRC's violation" of cited Ohio Administrative Code provisions, such as those prison regulations relied on by the relator under Ohio Adm.Code 5120-9, "does not give rise to a cause of action" against ODRC.).

{¶ 21} Based on this court's de novo review, and finding the Court of Claims properly determined the underlying nature of appellant's claim involved a challenge to the conditions of his confinement, we conclude the Court of Claims did not err in granting summary judgment in favor of ODRC and dismissing the action for lack of subject-matter jurisdiction. Accordingly, appellant's first and second assignments of error are without merit and are overruled.

## IV. Conclusion

{¶ 22}  Based upon the foregoing, and having overruled appellant's two assignments of error, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

———————————